THORNDYKE et ux. v. GUNNISON, District Judge.

(Circuit Court of Appeals, Ninth Circuit. November 22, 1909.)

No. 1,697.

NEW TRIAL (§ 131*)—GROUNDS—INABILITY OF JUDGE TO SETTLE BILL OF EXCEPTIONS.

Under Rev. St. § 953, as amended by Act June 5, 1900, c. 717, § 1, 31 Stat. 270 (U. S. Comp. St. 1901, p. 696), which provides that, in case the judge before whom a cause has been tried is unable to hear and pass on a motion for a new trial and allow and sign a bill of exceptions, his successor may pass on such motion and allow a bill of exceptions, if the evidence has been taken down, or if satisfied in any other manner that he can fairly do so, but, if not, may in his discretion grant a new trial, a party who has not presented to a succeeding judge a bill of exceptions containing a transcript of the evidence, as required by a rule of court, be-

cause of his failure to pay the reporter's fees, is not entitled to a new trial as of course.

[Ed. Note.—For other cases, see New Trial, Dec. Dig. § 131.*]

Petition for Writ of Mandate, directed to the judge of the District Court of Alaska, Division No. 1, requiring said judge to enter an order in the cause entitled "C. M. Thorndyke et al. v. Alaska Perseverance Mining Company," No. 626A, setting aside the judgment, findings, and conclusions of law therein, and granting to the petitioners, as plaintiffs in said cause, a new trial. Writ denied.

E. M. Barnes and L. S. B. Sawyer, for relators.
R. F. Laffoon and W. C. Sharpstein, for respondent.

Before GILBERT and MORROW, Circuit Judges, and HUNT, District Judge.

PER CURIAM. The petition in this case sets forth the changes that have taken place in the office of judge of the District Court of Alaska, Division No. 1, since June 28, 1907, when Judge James Wickersham, then judge of the District Court of Alaska and holding the court of the First division thereof, tried the cause of C. M. Thorndyke et al. v. Alaska Perseverance Mining Company, No. 626A, and made findings of facts and conclusions of law upon which the court entered a judgment in favor of the plaintiffs. The petition also recites orders extending time for the preparation of a bill of exceptions and the proceedings relating to the delay on the part of the plaintiffs in procuring from the stenographer of the court a transcript of the evidence.

It appears, from the return to the order to show cause, that the judgment was entered on June 28, 1907, and the time for settling the bill of exceptions was extended from time to time until March 1, 1908. On February 28, 1908, a motion for a new trial was filed and submitted to Hon. Royal A. Gunnison, holding the District Court for the said division. This motion was denied by Judge Gunnison on January 11, 1909. In the meantime the plaintiffs appear to have abandoned all effort to obtain a bill of exceptions. It appears, from the affidavit of the official reporter, that the reason why the stenographic notes were not extended was that no provision was made for the payment of his fees as demanded by him. The rule of the court required that, in a case where the testimony is taken by the reporter, it should be extended for the purpose of settling the bill of exceptions. The bill which was finally tendered was not prepared in accordance with the rule.

We find nothing in section 953 of the Revised Statutes of the United States, as amended by Act June 5, 1900, c. 717, § 1, 31 Stat. 270 (U. S. Comp. St. 1901, p. 696), entitling the plaintiffs to a new trial as of course, or any relief, at our hands.

The petition for a mandate is therefore denied.